UNITED STATES BANKRUPTCY COURT FOR HAWAII

In re:

| | | |
|---|---|---|
| THE HAWAII CORPORATION | § | Chapter X |
| THC FINANCIAL CORP. | § | Case No. 76-00512 |
| DEBTOR | § | Case No: 76-00493 |
| | § | |
| _____/ | | |

## MOTION FOR RELEASE OF UNCLAIMED FUNDS

OMEGA CONSULTING, as Assignee of FALCON CAPITAL CORPORATION, by and through the undersigned, respectfully requests this Court, pursuant to § 204 and § 205 of the Bankruptcy Act of 1898, which are the predecessors to 11 U.S.C. § 347(b) and 1143, enter an order directing that the unclaimed funds, totaling $376,371.89 in Cause Number 76-00512 and $128,000.31, for an amount totaling $504,372.20 held in the registry account that should be paid to Applicant as outlined herein, (the "Motion"), and, in support thereof, states as follows:

Factual Background

1. Falcon Capital Corporation, a California corporation, a Major Shareholder of Debtor, The Hawaii Corporation, via written Corporate Assignment by the Falcon Capital Corporation's director and duly licensed attorney in the state of Hawaii, REX S. KUWASAKI, said corporation, has transferred its rights, privileges, and interests to recover unclaimed assets, receivables, choses in action or other property in which said corporation may have legal and/or equitable title to Omega Consulting. The relevant assignment and transfer document was executed before a notary public for the state of Hawaii on June 13, 2007. (see Exhibit "A")

2. On July 20, 1964, Falcon Capital Corporation, formerly known as Agents' Investments, Inc., was incorporated in the state of California under Charter Number 0474743. The Corporation was suspended on May 1, 1978. Public records from the bankruptcy proceeding in this matter demonstrate that Falcon Capital Corporation is the beneficial owner of 400,000 shares of stock in The Hawaii Corporation, which stock interests were apparently recognized by the late Judge Pence as valid interests to be recognized with respect to the unclaimed funds that were deposited under 11 USC § 2042..

3. On January 31, 1899, The Hawaii Corporation was established in the State of Hawaii as a viable business entity. The corporation was administratively dissolved on November 16, 1991 by the State of Hawaii Department of Commerce and Consumer Affairs.

4. On March 10, 1961, THC Financial Corp. was established in the State of Hawaii as a viable business entity. The corporation was dissolved by Final Decree of the United States District Court for Hawaii on March 26, 1990.

5. On December 16, 1976, (the "Petition Date"), a Chapter, 11 bankruptcy petition was filed and received in the above-referenced case number by The Hawaii Corporation and its wholly owned subsidiary THC Financial Corp. The case was converted to a Chapter X proceeding on March 18, 1977.

6. At sometimes prior to September 9, 1988, a Plan of Reorganization was confirmed in cause number 76-0512 and 76-0493. The specific date is unavailable because the National Archives has indicated that the files are unavailable for retrieval.

7. Applicant would show that The Hawaii Corporation was dissolved according to Hawaii state law, and the stockholders became the beneficial or real owners of the corporation's assets, including intangible rights and privileges. Bankruptcy jurisprudence allows the shareholders of a dissolved corporation to recover the assets of that corporation. See In re Georgian Villa, Inc., 55 F.3d 1561, 1563 (11th Cir. 1995).

8. On October 13, 1988, an "Order Granting Application For Approval Of Final Report, Final Accounting, And Other Matters Affecting The Closing Of The Estate And Approving Claims For Administrative Expenses" was signed by the late Judge Pence, and he specifically ordered in Paragraph 10 that the THC Financial Corporation be dissolved pursuant to Chapter 415 of the Hawaii Revised Statutes.

9. On March 26, 1990, a Final Decree was entered in Cause Number 76-0493, and in Paragraph 2 of the final decree, the Court specifically declared that "THC FINANCIAL CORP., the Debtor (hereinafter also sometimes referred to as the "estate"), is discharged from all of its debts and liabilities, and all rights or interests of stockholders of the Debtor are terminated, without prejudice to rights of any person or entity under 28 U.S.C. Section 2042 with respect to unclaimed funds deposited with the Court by the Trustee."

10. Further, the Final Decree provided in Paragraph 3 "All persons and entities are permanently enjoined form taking any action to collect or enforce any debt or liability of or claims against the Debtor, or any right or interest of any stockholder of the Debtor, or against the Trustee (except that persons or entities entitled thereto may apply to the Court for a distribution from the unclaimed funds deposited with the Court by the Trustee).

12. Based upon information provided on the Court's website, approximately $376,371.89 remains in the registry account for Cause Number 76-0512, and $128,000.31 remains in the registry account for Cause Number 76-0493.

## Applicants's Rights

12. Falcon Capital Corporation is an administratively dissolved California corporation that continues to exist for the purpose of winding up its affairs. Rex Kuwasaki has been recognized by the United States District Court for Hawaii as one of the company's directors, and he has executed an instrument in that capacity to transfer corporate rights, privileges, and interests covering the matters herein to Omega Consulting. The United States District Court for California has specifically recognized that under California law, the directors and/or officers of an administratively dissolved California corporation are the proper authorities to recover unclaimed bankruptcy assets. See *In re Senor's Q, Inc.*, 264 B.R. 669, 673 (Bankr.E.D.Cal. 2001)

14. Public records, namely copies of adjudicated matters in the United States District Court for Hawaii, establish that Falcon Capital Corporation is the beneficial owner of 400,000 issued shares of The Hawaii Corporation. Hawaii corporation statutes contemplate the continuing recognition of ownership rights of shareholders even after a corporation dissolves. See Chapter 414 of the Hawaii Revised Statutes.

15. The Court is asked to take notice of the last remaining corporate report records from the Hawaii Department of Commerce and Consumer Affairs on February 9, 1988 reflects that the number of outstanding shares totaled 1,627,765. Based on basic mathematical calculation, Falcon Capital Corporation's shares represents a minimum shareholder interest of twenty-four and $57/100^{th}$ percent (24.57%) of the outstanding shares of The Hawaii Corporation.

16. Applicant is unaware of the identity or status of any other shareholder, and none of the previous officers and directors of The Hawaii Corporation are available to submit a claim on behalf of the corporation to recover these unclaimed assets, because pursuant to Chapter X of the Bankruptcy Act of 1898, all of the officers and directors were removed from their position.

17. Bankruptcy court jurisprudence reflects that an individual owning only a one percent (1%) interest in a corporation has been allowed to represent the corporation's interest in recovering surplus assets in a bankruptcy proceeding. See In Re Safety International, 336 B.R. 843 (S.D. Fla. 2005). The caselaw is replete with examples, however, of the judiciary's

recognition of corporate shareholders' authority and power to act on behalf of a corporation when the officers and directors are unavailable or unwilling to do so.

18. Certainly, Falcon Capital Corporation's interest is substantially greater than a mere one percent (1%), and as a Major Shareholder of The Hawaii Corporation, the Falcon Capital Corporation has recognizable rights to these unclaimed assets. Said corporation also has an explicit right to assert derivative claims to recover its outstanding receivables, choses in action, and property. Via written assignment executed by the corporation's duly authorized director and licensed Hawaiian attorney, those rights have been transferred to Omega Consulting.

19. This Court is asked to take judicial notice of the proceedings in In Re Georgian Villa, where the Court noted that judiciary should not negatively view the insolvency of the debtor or failure to have engaged in business operations during the period in which the debtor's money has been held in the bankruptcy courts as unclaimed. Certainly, the debtor is able to utilize the unclaimed funds in an effort to establish a meaningful business operation. This philosophy was succinctly acknowledged in In Re Safety International, 336 B.R. 843 (S.D. Fla. 2005), where Judge Gold stated, "Thus, it makes no sense to say that the Debtor cannot receive surplus funds because it was administratively dissolved; clearly, an administratively dissolved company in Florida is not 'dead' for all purposes. The activity of receiving surplus funds fits within the category of 'collecting assets' if it somehow contributed to winding up and/or liquidating the Debtor's affairs......the Debtor's principal owner, remarked that he would gather the other owners and 'get it figured out and get it over with.' This suggests that the Debtor had only to breathe its last breath before final extinction. On the other hand, it is possible that Appellant could resurrect Air Safety by reinstating the company with the Department of State, and use whatever assets are returned to it to get the business back on its feet."

20. The Court is asked to adhere to equitable principles in granting the Majority Stockholder's application for return of the unclaimed dividends in this matter.

21. There are no officers are directors for THC Financial Corp. As a matter of law, the assets of the dissolved corporation are held for the benefit of the corporation, its successors, or its shareholders. Thus, the identified $128,001.81 is property that belongs to The Hawaii Corp., its Sole Shareholder. Omega Consulting, as Assignee of Falcon Capital Corporation, the only shareholder of The Hawaii Corporation that could be identified and located, is entitled to these funds.

22. The Court is expressly asked to take judicial notice that it has been declared that "It is not the...... the Bankruptcy Court's province to apportion and distribute surplus assets of the debtor". See footnote 14 in In Re Safety International, 336 B.R. 843 (S.D. Fla. 2005).

23. Applicant asks the Court to take judicial notice that corporations are creations of state law, and Hawaii corporation statutes and law unequivocably demonstrate the continued existence of a dissolved corporation. Further, the state of Hawaii allows corporations to reinstate themselves, change the nature of their business model, and embrace the powers and authorities customarily allowed to corporate bodies.

24. The Hawaii Corporation, and the THC Financial Corp., are administratively dissolved corporations and by operation of law and practice, FALCON CAPITAL CORPORATION, as one its Major Shareholders is expressly empowered to gather the remaining assets of the corporation, and ascertain whether to reinstate the corporation, engage in a new business endeavor, or such other business endeavors that are available.

25. Omega Consulting is the Successor-In-Interest to the FALCON CAPITAL CORP and is legally entitled to recover these funds under Bankruptcy Code, Section 2042 and based in equity and law as discussed in In re Atkins, (M.D. Fla. 2005), and In re Georgian Villa, Inc., 55 F.3d 1561, 1563 (11th Cir. 1995).

**Relief Requested**

26. Bankruptcy Code sections 204 and 205 of the Bankruptcy Act of 1898, which are the predecessors to 11 U.S.C. § 347(b) and 1143, appear to govern the return of unclaimed funds in this Chapter X case. They provide as follows:

> Upon distribution, as provided in section 224 of this Act, the judge may, upon notice to all persons affected, fix a time, to expire not sooner than five years after the final decree closing the estate, within which, as provided in the plan or final decree —
>
> (1) the creditors, other than holders of securities, shall file, assign, transfer, or release their claims; and
>
> (2) the holders of securities shall present or surrender their securities. After such time no such claim or stock shall participate in the distribution under the plan. Section 205 stated:

The securities or cash remaining unclaimed at the expiration of the time fixed as provided in section 204 of this Act, or of any extension thereof, shall become the property of the debtor or of the new corporation acquiring the assets of the debtor under the plan, as the case may be, free and clear of any and all claims and interests

27. Further Section 347(b) and 1143 currently govern the distribution of unclaimed funds. Pursuant to 11 U.S.C. § 347(b) any security, money, or property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

28. Moreover, 11 U.S.C. § 1143 provides that if a plan requires presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the plan, such action shall be taken later than five years after the date of the entry of the order of confirmation. An entity that has not within such time presented or surrendered such entity's security or taken any such other action that the plan requires may not participate in distribution under the plan.

29. "Sections 347(b) and 1143 together establish an outer limit of five years from entry of a plan confirmation order within which a creditor required to perform an act as a condition of participating in a plan distribution must accomplish the act or relinquish its rights right to participate." In re TLI, Inc., 213 B.R. 946, 950 (N.D. Tex. 1997). Presenting one's self and cashing a check has been held to be performance of an act as a condition to participation. See In re Rodman, Inc., 50 B.R. 313, 314 (Bankr. W.D. Okla. 1985); In re TLI, 213 B.R. at 956 but see In re Goldblatt Bros., Inc., 132 B.R. 736 (Bank. N.D. Ill. 1991); In re The Signature Group, 172 B.R. 501 (Bankr. R.I. 1994); In re IBIS Corporation, 272 B.R. 883 (Bankr. E.D. Va. 2001).[1] More than five years have passed since confirmation of the Plan in 1990 and the creditors have failed to claim the unclaimed funds, therefore, the unclaimed funds have become

---

[1] It should be noted that Goldblatt, Signature, and IBIS, are distinguishable from the instant cases because in each of those cases the creditors committee or plan trustee failed to make diligent check distributions within five years after the plan confirmation.

property of Applicant, Omega Consulting, as a result of the assignment of interest from the Debtor's Sole Shareholder.

30. Applicant has made sufficient inquiry and has no knowledge that this claim has been previously paid that any other application for this claim is currently pending before this Court, or that any party other than the Applicant is entitled to submit an application for the payment of this claim.

31. Further bankruptcy jurisprudence indicates that a plan may not be revisited for modification and/or changes after it has been substantially consummated. The plan in this bankruptcy proceeding has been substantially modified.

32. Applicant has spoken with the United States Trustee prior to filing this motion, and he has indicated that he does not oppose this motion.

33. Applicant has included in the application for release of unclaimed funds, the following documents:

(1) Assignment To Recover Unclaimed Assets to Omega Consulting executed by Rex Kuwasaki, on behalf of Falcon Capital Corporation, a Majority Shareholder of The Hawaii Corporation, and in its capacity as Sole Shareholder of THC Financial Corp.

(2) Copy of cover letter from Attorney Rex Kuwasaki regarding the assignment of right to recover unclaimed assets

(3) Drivers License and Social Security Card for the owner of Omega Consulting, Eric Dangerfield.

(4) Copy of Business Certificate for Omega Consulting from Bexar County, Texas County Clerk.

(5) Employer identification number issued to Omega Consulting

(6) Copy of In re the Hawaii Corporation, 679 F.2d.784 (C.A. 9th Cir. 1982), a proceeding relating to Falcon Capital Corporation's 400,000 shares of corporate stock in The Hawaii Corporation AND which recognized THC Financial Corp. as a wholly owned subsidiary of The Hawaii Corporation..

(7) Copy of In re THC Financial Corporation, 659 F. 2d. 951 (9th Cir. 1982) which relate to proceedings before this bankruptcy court where the court observed that The Hawaii Corporation is the Sole Shareholder of THC Financial Corp.

(8) Copy of the Final Decree in In re THC FINANCIAL, which order also specifically acknowledges that 28 U.S.C. 2042 shall apply with respect to unclaimed funds.

(9) Copy of "Order Granting Application For Approval of Final Report, Final Accounting, And Other Matters Affecting The Closing OF The Estate And Approving Claims For Administrative Expenses" in Cause No 76-0493 pertaining to THC Financial Corp., which order adjudicates THC Financial Corp as dissolved pursuant to Chapter 415 of The Hawaii Revised Statutes.

(10) Copy of the Order granting payment of unclaimed funds in a Chapter X reorganization to the Debtor's representative by Judge A. Jay Cristol on December 27, 2001

(11) Copy of Amended Order Granting the payment of unclaimed funds in a Chapter 11 to a corporate debtor's representative by Judge Alexander Paskay on February 14, 2005

(12) Copy of the Order granting 11 USC 347(b) a corporate debtor's application for unclaimed dividends in a Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida which was issued by Judge Karen S. Jennemann on February 14, 2007.

(13) Copy of a 40% Shareholder's application for return of unclaimed corporate funds and order granting of the payment of such funds by Judge Robert G. Mayer on June 4, 2007

34. Applicant has provided notice to the United States Attorney for the District of Hawaii with a copy of this Application, and a certificate of service has been filed.

36. One check in the amount of $376,371.89 should be made payable to The Hawaii Corporation c/o Omega Consulting, and one check in the amount of $128,000.31 should be made payable to THC Financial Corporation c/o Omega Consulting at 7706 Pinebrook Dr; San Antonio, Texas 78230.

37. I understand that, pursuant to 18 U.S.C. § 152, I may be fined or imprisoned, or both, if I have knowingly and fraudulently made any false statements in this document.

THIS PORTION OF PAGE LEFT INTENTIONALLY BLANK

# PRAYER

WHEREFORE, the Applicant, Omega Consulting, respectfully requests this Court enter an order directing the unclaimed funds be paid to the Debtor, pursuant to 11 U.S.C. § 347.

ID: <u>35-2233963</u>

OMEGA CONSULTING, as Assignee of Falcon Capital Corporation, in its capacity as Majority Shareholder, of The Hawaii Corporation, individually and in its capacity as Sole Shareholder of, THC Financial Corp.

By: _____
Eric Dangerfield, President and Owner
7706 Pinebrook Drive;   San Antonio, Texas 78230

Phone-(210) 430-0649;   Fax-(206) 888-4687

## NOTARY ACKNOWLEDGMENT

ACKNOWLEDGED before me on this date in the County of <u>Bexar</u> in the State of <u>Texas</u> by <u>Eric Dangerfield</u> who produced a valid photo identification and a Social Security Card showing the last four digits as <u>4553</u>, and executed this instrument.

Date: <u>10-15-2007</u>

KEVIN BENEFIEL
Notary Public
State of Texas
Exp. 05-01-2011

Notary Public
My Commission Expires: <u>5-1-2011</u>

## PROOF OF SERVICE

"I hereby certify under penalty of perjury under the laws of the United States of America that on <u>Oct. 15, 2007</u>, I mailed a fully completed true and correct copy of the document described as "Motion For Release Of Unclaimed Funds" to the United States Attorney, 300 Ala Moana Blvd., Room 6100, Honolulu, HI 96850.

_____
Eric Dangerfield for Omega Consulting,
in its capacity as stated herein